IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LAWRENCE J. LAWSON, JR.,<br><br>　　　　　　　Defendant. | Case No. 3:16-cr-00121-TMB-DMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT'S EXPERT IRS REVENUE AGENT SANDY BYRD FROM OFFERING OPINION TESTIMONY REGARDING CONCLUSIONS OF LAW [DOC. 100]** |

## I. MOTION PRESENTED

Dr. Lawrence J. Lawson, Jr. (Lawson), has been indicted on four counts of willful tax evasion in violation of 26 U.S.C. § 7201, and one count of corruptly obstructing the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc. 7).

This Court set a deadline of September 1, 2017, for the government to file a notice that it intends to call an expert witness in its case-in-chief pursuant to Federal Rules of Evidence 702, 703 and 705. (Doc. 38 at 3).

On September 1, the government filed its Notice of Expert Witness and Expert Report. (Doc. 86). The government stated that it intended to call Revenue Agent Zeznock at trial as an expert witness, who would testify to: (1) the tax consequences of the government's evidence; (2) tax concepts; and (3) accounting concepts. (*Id.* at 3). Citing to *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980), the government asserted that it is permissible for an IRS agent to give expert testimony regarding the tax consequences of a financial transaction. (*Id.*).

In the notice, the government attached Agent Zenock's curriculum vitae, and a summary of his calculations and conclusions regarding the amount of taxes the government alleges Lawson owed for years 2009-2012. (Docs. 86-1; 86-2; 86-3).

On the morning of October 16, 2017, Lawson moved to preclude Agent Zeznock's testimony, arguing that the government's notice of expert was inadequate to apprise the defense of the basis of Zeznock's calculations and conclusions. (Doc. 100 at 4). Lawson further asserts that it is impermissible for Zeznock to give opinions on ultimate conclusions of law, and thus should be precluded from testifying as to the proper deductibility of items listed on Lawson's tax return. (*Id.* at 5-7). Finally, Lawson argues that Agent Zeznock should be precluded from testifying under Federal Rules of Evidence 401, 402 and 403, because his opinions are irrelevant and more prejudicial than probative. (*Id.* at 7-8).

On the evening of October 16, 2017, the government filed its Revised Expert Notice, stating that it no longer intended to call Agent Zeznock as an expert, but that it would instead call Revenue Agent Byrd as its tax expert. (Doc. 105). The government explained that its substitution of experts was in response to Chief U.S. District Judge Burgess' expressed preference that the parties refrain from calling hybrid witnesses offering both factual and expert testimony. (*Id.* at 2).

The government represented that RA Byrd had not yet reviewed the "draft tax computations previously provided to" Lawson, and that it reserved the right to modify these computations. (*Id.*). The government stated that it would notice the defendant of any changes to the calculations "within seven days of any anticipated change in the government's case-in-chief." (*Id.* at 2-3).

On October 30, the government filed an opposition to Lawson's motion to preclude Agent Zeznock's testimony, arguing that the Ninth Circuit allows "summary expert witnesses" to testify about tax consequences in criminal tax prosecutions. (Doc. 110 at 9-10). The government further argues that its September 1 expert notice (Doc. 86), is sufficient to provide the defense with sufficient notice of its expert's opinions. Finally, the government asserts that its proffered expert testimony is not irrelevant or unduly prejudicial because a "summary expert's testimony is required to prove an element of tax evasion charges in Counts one through Four." (Doc. 110 at 10).

The motion is now ripe for resolution.

## II.    ANALYSIS

### A. Lawson's Motion Regarding the Adequacy of the Government's Expert Witness Notice Is Moot

Lawson seeks to exclude Revenue Agent Zeznock from testifying as an expert witness in his case because the government's Criminal Rule 16(a)(1)(g) notice is deficient. In this respect, Lawson's motion has been rendered moot by the government's notice that it will now call Revenue Agent Byrd as its expert at trial.[1] (Doc. 105).

### B. Agent Byrd Is Permitted to Give an Expert Opinion Regarding Accounting Principles, Tax Concepts and Whether a Tax Deficiency Exists

The parties dispute whether the government's expert witness should be permitted to testify to accounting principles, the tax consequences of certain transactions, and the deductibility of items on Lawson's tax returns. Lawson argues that such testimony would

---

[1] Lawson has moved to preclude Agent Byrd's testimony in his Motion to Strike Expert Notice and Preclude Testimony by IRS Revenue Agent Sandy Byrd. (Doc. 111). This Court will address this motion in a separate Report and Recommendation.

violate the rule against experts giving legal conclusions, i.e. opinions on "ultimate issues of law." (Doc. 100 at 5-7). In its expert notice, the government asserted that the Ninth Circuit held in *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980) that IRS agents are allowed to give testimony about tax consequences in criminal tax prosecutions. (Doc. 86 at 3). In its opposition to the instant motion, the government states that its expert will not testify to any ultimate conclusions of law, but will instead give testimony "regarding tax consequences of the evidence presented by the government." (Doc. 110 at 10).

   1. **Expert Witnesses Can Testify to Ultimate Issues of Fact, but Are Not Permitted to Give Legal Conclusions**

The District Court has "broad discretion" when deciding whether to permit or exclude expert testimony under Federal Rule of Evidence 702. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Evidence Rule 702(a) requires that expert testimony "help the trier of fact to understand the evidence or to determine an issue of fact." Experts can testify to ultimate issues of fact, except that an expert witness cannot give an opinion regarding "whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) (citing Fed. R. Evid. 704).

However, expert witnesses are not permitted to give a "*legal conclusion*, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, No. 15-50538, --- F.3d ---, 2017 WL 6030724, at *2 (9th Cir. Dec. 6, 2017) (emphasis original) (internal citations and quotation marks omitted).

## 2. Under Ninth Circuit Precedent, Tax Experts in Criminal Prosecutions Can Give Opinions about the Tax Consequences of a Transaction

As the government observes, the Ninth Circuit held in *United States v. Clardy* that it was not plain error for the trial court to permit an IRS agent to give an opinion as to the validity of a tax deduction. 612 F.2d 1139, 1153 (9th Cir. 1980). The defense argued that the propriety of a deduction was "a question of law, on which the judge should have instructed the jury." *Id*. The Ninth Circuit rejected this argument, concluding that such testimony was admissible and relevant to rebut the defendant's theory that he had not willfully evaded taxes. *Id*.

In a more recent criminal tax case, *United States v. Moran*, the defendant argued on appeal that the government's expert witness gave an impermissible legal conclusion when he testified that a transaction reported on a tax return was a "sham." *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007). The Ninth Circuit rejected this argument, holding that this testimony did not address a legal conclusion. *Id*. The court reasoned instead that the testimony was factual and relevant to the allegation that the defendant had prepared a tax return containing false information "necessary to a determination of whether income tax was owed." *Id*. Thus, *Moran* makes it is clear that an expert witness in a tax prosecution can testify to the tax implications of a financial transaction, when such testimony is necessary to determine the amount of tax owed.

Lawson cites to two Ninth Circuit decisions, which he reads as holding that it is impermissible for an expert witness in a tax prosecution to give testimony regarding tax law: *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) and *United States v. Rosales*, 7 Fed. App'x 766, *2 (9th Cir. 2001). In *Boulware*, the Ninth Circuit held that

the district court did not abuse its discretion in concluding the defendant's expert was precluded from testifying that "corporate distributions were legally non-taxable." 558 F.3d at 975. The Ninth Circuit reasoned that the trial court's conclusion that such expert testimony constituted a legal opinion was within its discretion. *Id*.

Similarly, the Ninth Circuit held in an unreported decision, *United States v. Rosales*, that the district court did not abuse its discretion in refusing to allow the defendant's tax expert to testify that the defendant was not obligated to report her rental income. 7 Fed. App'x 766, *2. The Ninth Circuit found that such testimony was inadmissible because it "was only offered to prove a legal conclusion," and the trial judge acted well within his discretion because "only the judge may instruct the jury as to the law." *Id*.

Reading the cases cited by the parties together, this Court concludes that it is permissible for a tax expert to testify to the appropriateness of a tax deduction, and to reference applicable tax and accounting principles while explaining their opinions. While it is impermissible for an expert in a tax prosecution to instruct the jury on tax law, *Boulware*, 558 F.3d at 975, testimony regarding the propriety of tax deductions and the amount of taxes owed is clearly lawful under *United States v. Clardy,* 612 F.2d 1139, 1153 (9th Cir. 1980) and *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007).

Testimony regarding accounting principles and the validity of the tax deductions Lawson declared on his tax returns are relevant to the government's allegation that Lawson willfully attempted to evade his tax obligations in 2009-2012 in violation of 26 U.S.C. § 7201 . (Doc. 7). The elements of § 7201 are "1) the existence of a tax deficiency, 2) willfulness, and 3) an affirmative act of evasion or affirmative attempt to evade."

*United States v. Carlson*, 235 F.3d 466, 468 (9th Cir. 2000). In order to prove the existence of a tax deficiency, the government will necessarily have to put on testimony regarding the amount of taxes Lawson allegedly owed, which, in turn, will require expert testimony as to whether the deductions he made were proper.

Although both the government's and the defendant's experts will necessarily have to refer to applicable tax laws and concepts in their testimony, *Moran* and *Clardy* make it clear that— in the context of a tax prosecution—such opinions are admissible testimony regarding an ultimate issue of fact. Fed. R. Evid. 704 (a) ("An opinion is not objectionable just because it embraces an ultimate issue."). This is the same conclusion reached by a number of other courts within and outside of Ninth Circuit.[2] *See*, *e.g.*, *United States v. Monus*, 128 F.3d 376, 386 (6th Cir. 1997) ("Kurzweil did not give his opinion about whether or not defendant was guilty; he merely gave his opinion that the events assumed in the question would trigger tax liability. Such testimony is permissible

---

[2] In a reported decision issued in December—*United States v. Diaz*—the Ninth Circuit held that expert testimony does not constitute an impermissible legal conclusion when "the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case." No. 15-50538, --- F.3d ---, 2017 WL 6030724, at *2 (9th Cir. Dec. 6, 2017). The *Diaz* court's conclusion that an expert witness' testimony is permissible if it does not include terms with a "specialized legal meaning" must be interpreted within the context of the case.

In *Diaz*, the defendant was a physician charged with unlawfully distributing controlled substances "**without a legitimate medical purpose**" in violation of 21 U.S.C. § 841(a)(1). *Id.* at *1 (emphasis added). On appeal, the defendant argued that the government's expert testified to an inadmissible legal conclusion when he opined that the defendant had not given his patients controlled substances "for a **legitimate medical purpose**." *Id.* at *1 (emphasis added).

The Ninth Circuit rejected this argument, observing that "it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard. *Id.* at *3. Although the term "legitimate medical purpose" was—in the context of *Diaz*—a specific legal term used by Congress to define the offense charged, the court held that the government's expert testimony was admissible because the phrase did not have a specific legal meaning and was not an attempt to instruct the jury on the law.

as an expert opinion to help the jury determine a fact in issue."); *United States v. Yagman*, No. CR 06-227ASVW, 2007 WL 4532670, at *9 (C.D. Cal. May 11, 2007) ("Applying Rule 704, numerous courts have allowed expert witness testimony analogous to Golden's proposed testimony that certain items 'should have been disclosed.'").

### C. The Government's Proposed Expert Testimony Is Not Irrelevant

Finally, Lawson's contention that the government's proposed expert testimony should be as excluded as irrelevant and as more prejudicial than probative is without merit.

Evidence Rule 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Likewise, Rule 403(b), permits courts to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As discussed, *supra*, the government's expert testimony will be both relevant and helpful in assisting the jury in determining whether there is a tax deficiency in Lawson's case, and, ultimately, whether Lawson willfully attempted to evade his tax obligations.

### III. RESPONSE TO OBJECTIONS

Lawson objects to this Court's Report and Recommendation on a number of grounds. He acknowledges that it is appropriate for an expert witness to summarize evidence and explain general accounting principles, but contends that Agent Byrd should be precluded from testifying to the appropriateness or lawfulness of a deduction. (Doc.

*United States v. Lawson*
3:16-cr-00121-TMB-DMS
Final R&R re Motion to Preclude (Doc. 100)                                    Page 8 of 12

200). He further objects to the conclusion that Agent Byrd can testify to the deductibility of items, and contends that this Court's reliance on *United States v. Clardy* is misplaced in light of the Ninth Circuit's decision in *United States v. Boulware*. (*Id.* at 2-3). Finally, he contends that two cases discussed by this Court, *United States v. Moran* and *United States v. Diaz*, are inapposite to the issues in this case. (*Id.* at 3-4).

The government replied to Lawson's objections, urging the District Court to find that *Clardy* remains good law, and adopt this Report and Recommendation.

Lawson's objections are without merit.

### A. Expert Witnesses Can Reference Undisputed Laws and Legal Terminology while Giving Factual Testimony

Lawson broadly objects to this Court's conclusion that an IRS expert can testify to the appropriateness of tax deductions, arguing that such testimony violates the prohibition against expert witnesses testifying to conclusions of law. (Doc. 200 at 2-3). Lawson's argument conflates factual testimony with impermissible legal conclusions.

Lawson is correct that Agent Byrd, and any other expert called by the prosecution or the defense, must refrain from instructing the jury on the law. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). That is the exclusive province of the District Court. *Id.* (citing *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993). Thus, in the event an expert's testimony implicates a good-faith dispute regarding the legality of a particular transaction or deduction, or the meaning of an applicable rule or regulation, that dispute should be resolved by the Court prior to the expert's testimony.

With that said, "[i]t is well-established ... that expert testimony concerning an ultimate issue is not per se improper." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373

F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002)). Pursuant to Federal Rule of Evidence 704(a), expert testimony that embraces an ultimate *factual* issue is admissible at trial. *Id.*

It is likewise clear that an expert witness "may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter*, 373 F.3d at 1017 (citing *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)). For example, in *Hangarter v. Provident Life & Acc. Ins. Co.*, the Ninth Circuit held that an expert witness's references to California laws—the meanings of which were not in dispute—was permissible and did not violate the prohibition against experts offering legal conclusions. *Id.*

### B. *Boulware* Did Not Abrogate *Clardy*

Notwithstanding the caselaw summarized, *supra*, Lawson argues that the Ninth Circuit's decision in *United States v. Clardy*, 612 F.2d 1139 (9th Cir. 1980), has been abrogated by subsequent decisions. (Doc. 200 at 3). For support, he cites only to *United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009), which he reads as effectively overruling Clardy's holding that expert testimony regarding the deductibility of interest is permissible in tax prosecutions. (*Id.*).

In *Boulware*, the Ninth Circuit affirmed the district court's exclusion of the defendant's proposed expert testimony regarding the taxability of corporate distributions. 558 F.3d at 975. In the court's brief analysis, it stated, without further discussion, that "[t]he trial court's exclusion of the expert testimony to the extent that it constituted a legal opinion was well within its discretion." *Id.* In reaching this conclusion, the Ninth Circuit relied, as this Court has, on *Hangarter v. Provident Life & Accident Ins. Co. See*

*id.* (quoting, in an explanatory parenthetical, the *Hangarter* court's statement that expert witnesses cannot give legal conclusions).

The *Boulware* court did not address the issue presented here: whether an expert witness can reference undisputed legal terms and concepts while giving factual testimony. Considering the Ninth Circuit's express reliance on *Hangarter*, this Court is unable to read *Boulware* as calling into doubt, let alone abrogating, *Clardy*'s holding that experts are permitted to testify to the appropriateness of deductions in criminal tax prosecution.

### C. The *Moran* and *Diaz* Decisions Support this Court's Analysis

Finally, Lawson's contention that *Moran* and *Diaz* are inapposite to this case is without merit. In *United States v. Moran*, the defendants were convicted of wire and mail fraud, aiding in the preparation of and filing false tax returns and conspiracy to commit wire and mail fraud. 493 F.3d 1002, 1007 (9th Cir. 2007). During trial, a government expert testified that programs offered by the defendants' company, which were held out to provide members with specific tax deductions and tax free money, were "shams." *Id.* at 1007-08. In other words, that these programs were fraudulent and did not confer such tax benefits on their clients. *See* Sham, Black's Law Dictionary (10th ed. 2014) ("A false pretense or fraudulent show.").

On appeal, the defendant argued that the expert's testimony describing the defendant's schemes as a "sham" amounted to an impermissible expert legal conclusion. *Moran*, 493 F.3d at 1008. The Ninth Circuit tersely rejected this conclusion, stating that the word "sham" does not address the legal conclusion. *Id.*

The Ninth Circuit concluded that it is permissible for an expert witness to testify to undisputed areas of tax law while offering factual conclusions. *Id.* In accordance with

*Moran*, Agent Byrd should be permitted to testify whether a particular deduction was appropriate, or whether it was, in fact, a "sham."

Likewise, as discussed in footnote 2, *supra*, the Ninth Circuit in *United States v. Diaz* reaffirmed that expert testimony relying on language identical to a relevant legal standard is permissible so long as the testimony does not amount to an instruction to the jury on how to apply the law to the facts of the case. *Diaz*, 876 F.3d at 1199.

To reiterate, if there is a dispute between the parties on the meaning or effect of a provision of the United States Tax Code, or other applicable law, that issue must be resolved by the Court. However, there is nothing objectionable about an expert in a tax prosecution giving testimony regarding about the appropriateness of a deduction while providing the jury with a calculation of the defendant's alleged tax liability.

### IV.  CONCLUSION

For the foregoing reasons, the Court recommends that the District Court DENY Lawson's Motion to Preclude Government's Expert from Offering Opinion Testimony Regarding Conclusions of Law. (Doc. 100).

IT IS SO ORDERED this 5th day of July, 2018.

*/s/ Deborah M. Smith*
CHIEF U.S MAGISTRATE JUDGE