IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>LAWRENCE J. LAWSON, JR.,<br><br>        Defendant. | Case No. 3:16-cr-00121-TMB-DMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT FIVE FOR FAILURE TO STATE A CRIMINAL OFFENSE [DOC. 208]** |

## I. M<small>OTION</small> P<small>RESENTED</small>

Dr. Lawrence J. Lawson, Jr. (Lawson), has been indicted on four counts of willful tax evasion in violation of 26 U.S.C. § 7201, and one count of corruptly obstructing the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc. 7). The first four counts of the indictment allege that Lawson willfully attempted to evade his duty to pay his individual income taxes in tax years 2009-2012 by: (1) falsely claiming deductions on his individual and business tax returns; (2) paying for personal expenses using funds drawn from a bank account owned by his medical practice, Midnight Sun Oncology; and (3) falsely claiming that he did not receive any valuable property in return for contributions made to Pilgrim Walk,[1] a registered 501(c)(3) non-profit organization. (*Id*. at 2-7).

---

[1] The indictment refers to Pilgrim Walk as Entity #1. (Doc. 7 at 2). The parties' subsequent filings have established that Entity #1 is an organization known as Pilgrim Walk. (*See*, *e.g.*, Doc. 82 at 8-9).

Count five alleges that Lawson corruptly endeavored to obstruct and impede the administration of the Internal Revenue Code by: (1) paying for personal expenses using funds drawn from the Midnight Sun account; (2) filing false tax returns; (3) failing to file a tax return for Midnight Sun Oncology in 2011; (4) creating the non-profit entity From the Vault, Inc. and filing false tax returns in the name of From the Vault; (5) creating two Alaska Corporations—Freeze Frame, Inc., and Little Wing, Inc.—to conceal his individual income; and (6) lying to an IRS agent during the 2012 by falsely claiming that he did not receive anything of value in turn for payments made to Pilgrim Walk. (Doc. 7 at 6-7).

At Docket 55, Lawson moved to dismiss count five for failure to state a criminal offense. He argued that the indictment fails to allege two necessary elements of corruptly endeavoring to obstruct and impede the administration of the Internal Revenue Code under 26 U.S.C. § 7212(a): (1) that the defendant's conduct was directed to or in fact did obstruct or impede an IRS investigation; and (2) that he was aware of the existence of an IRS investigation at the time he engaged in the allegedly obstructive conduct. (*Id.* at 4). He also argued § 7212(a) is unconstitutionally vague and overbroad if: (1) it does not require the defendant to have knowledge of a pending investigation; and (2) a nexus between the defendant's actions and a pending investigation. (*Id.* at 10-12).

Relying on then-binding Ninth Circuit precedent,[2] this Court issued a Report and Recommendation, in which it concluded that the government does not need to prove that

---

[2] *See United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005) ("The law of this circuit establishes that the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a)[.]").

Lawson was aware of an on-going IRS investigation to sustain a conviction under § 7212(a).[3] (Doc. 198 at 5-10). The District Court subsequently adopted the Final Report and Recommendation, and denied Lawson's motion to dismiss count five. (Doc. 199).

The day after the District Court denied Lawson's motion, the Supreme Court issued a decision in *Marinello v. United States* and held that § 7212(a) requires the government to prove that: (1) the defendant's obstructive conduct had a nexus with a particular IRS investigation, audit or other targeted administrative action; and (2) "the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." 138 S. Ct. 1101, 1110 (2018).

Recognizing that *Marinello* effectively abrogated the cases relied upon in the Final Report and Recommendation, Lawson filed the instant motion for reconsideration. (Doc. 208). In his motion, Lawson contends that count five must be dismissed under *Marinello* because the indictment fails to allege that: (1) Lawson was aware of a specific pending IRS investigation when he engaged in the alleged obstructive conduct; and (2) that he committed the obstructive acts with the intent to interfere with that proceeding. (*Id.* at 5-7).

The government opposes, contending that the *Marinello* court did not hold that the nexus and pending proceeding requirements of § 7212(a) are elements that must be alleged in the indictment. (Doc. 211 at 5). Citing to a number of cases from outside the Ninth Circuit, the government contends that *Marinello* should be read as only

---

[3] In another portion of the Report and Recommendation, this Court concluded that § 7212(a) was not unconstitutionally overbroad or vague. (Doc. 198 at 14-16).

establishing what the government must prove at trial to obtain a conviction under § 7212(a). (*Id.* at 5-6).

After this Court issued its Initial Report and Recommendation (Doc. 235), the grand jury issued a second superseding indictment, modifying the language of Count 5, (Doc. 252).

The parties have fully briefed the issues, and Lawson's motion for reconsideration is ripe for resolution.

## II. STATEMENT OF LEGAL AUTHORITY

### A. An Indictment that Fails to State an Element of the Offense Must Be Dismissed

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits defendants to bring pre-trial motions to dismiss an indictment that fails to state an offense. An indictment fails to state an offense when it fails to allege **all of the elements** of the charged offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998); *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). Thus an indictment that tracks the statutory language of the charged offense is sufficient so long as the statute itself "unambiguously set[s] forth all elements necessary to constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (internal citation and quotation marks omitted).

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The Court must consider the indictment in its entirety, and construe it in a practical, common-sense fashion. *Davis*, 336 F.3d at 923.

# III. ANALYSIS

## A. The First Superseding Indictment Fails to Plead a Nexus Between a Specific IRS Proceeding with Respect to Seven of the Eight Alleged Obstructive Acts

In *Marinello v. United States*, the Supreme Court held that § 7212(a)[4] requires the government to prove at trial that there was a nexus, i.e. a relationship in time, causation or logic, between the defendant's obstructive acts and "a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." 138 S. Ct. 1101, 1109 (2018). The Court also held that the government must prove "that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Id*.

In the instant case, count five of the indictment charges Lawson with corruptly endeavoring "to obstruct or impede the administration of the internal revenue laws" by committing the following acts:

> A. Paying for personal expenses using funds drawn on Key Bank account x1222 in the name of Midnight Sun;
>
> B. Creating nominee FTV which was used primarily to acquire and maintain LAWSON's own personal collection of fossils, dinosaurs, maps, rare books, rare manuscripts, and related material;

---

[4] Section 7212(a) of the Internal Revenue Code states that:

Whoever […] in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both.

26 U.S.C. § 7212(a).

    C. Filing false 2009, 2010, 2011 and 2012 Forms 1040;

    D. Filing false 2009, 2010 and 2012 Forms 1120S in the name of Midnight Sun;

    E. Having an individual prepare a 2011 Form 1120S in the name of Midnight Sun which he never filed with the IRS;

    F. Filing false 2009, 2010 and 2011 Forms 990 PF in the name of FTV;

    G. Creating and using nominee entities Freeze Frame, Inc., an Alaska corporation, and Little Wing, Inc., an Alaska corporation, to conceal individual income;

    H. On or about August 17, 2012, during an audit of his 2009 and 2010 Forms 1040, by making a false statement to an IRS agent when he said that he did not receive any items or property in return for money paid to Entity #1.

(Doc. 7 at 6-7).

    Paragraph H of count five charges Lawson with corruptly endeavoring to obstruct the administration of the internal revenue code by making a false statement to an IRS agent during an audit of his 2009 and 2010 form 1040 tax returns. (Doc. 7 at 6-7). By alleging that Lawson committed an obstructive act—making a false statement to an IRS agent in 2012—during the audit of his 2009 and 2010 tax returns, paragraph H clearly satisfies *Marinello*'s requirement that the government prove the existence of a targeted, pending proceeding, and a nexus between the pending proceeding and the obstructive act.

    In contrast, the obstructive acts set forth in paragraphs A-G of count five neither

*United States v. Lawson*
3:16-cr-00121-TMB-DMS
F R&R re Motion for Reconsideration
(Doc. 208)     Page 6 of 12

explicitly nor implicitly plead a nexus between the acts and a specific, targeted administrative action. In fact, paragraphs A-G do not even allude to the existence of a targeted IRS administrative proceeding that was pending, or reasonably foreseeable, at the time Lawson allegedly committed the obstructive acts.

Notwithstanding the indictment's clear failure to allege that a specific IRS investigation or proceeding was pending or reasonably foreseeable when Lawson committed the acts alleged in paragraphs A-G, the government argues that Lawson should have foreseen that the IRS would initiate a proceeding to collect unpaid taxes after he filed false tax returns. (Doc. 211 at 7-8).

The government's argument was explicitly rejected by the *Marinello* court. In *Marinello*, the defendant was convicted of corruptly endeavoring to obstruct the IRS by engaging in a number of activities, including failing to maintain corporate records, hiding his income and paying his employees in cash. 138 S. Ct. at 1105. After the Second Circuit affirmed and the Supreme Court granted *certiorari*, the government argued that "the processing of tax returns is part of the administration of the Internal Revenue Code and any corrupt effort to interfere with that task can therefore serve as the basis of an obstruction conviction." *Id*. at 1110.

The Court rejected this contention, concluding that § 7212(a)'s omnibus clause simply does not reach obstructive acts aimed at interfering with the routine business of the IRS, such as processing and reviewing tax returns. *Id*. at 1110. Or, as the Court put it, "[j]ust because a taxpayer knows that the IRS will review her tax return every year does not transform every violation of the Tax Code into an obstruction charge." *Id*.

Having just recently lost this same argument in front of the Supreme Court, the government makes no attempt to distinguish *Marinello* from the instant case. Because lower courts are bound by the precedents set by the Supreme Court until overruled, *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001), this Court concludes that count five fails to allege a pending or reasonably foreseeable IRS proceeding, and a nexus between said proceeding and the obstructive acts alleged in paragraphs A-G.

**B. Count Five Must Be Dismissed Unless the Government Elects to Strike Paragraphs A-G**

The government also argues that count five should not be dismissed because *Marinello* only addressed what the government must prove at trial to obtain a conviction under § 7212(a), and not what must be pleaded in an indictment or information. (Doc. 211 at 5). For support, the government cites to a number of decisions outside the Ninth Circuit concluding that the government is not required to plead the existence of a pending proceeding or nexus in indictments charging the defendant with obstruction of justice under Title 18. (*Id.* at 6).

Prior to *Marinello*, the Supreme Court held in *United States v. Aguilar* that 18 U.S.C. § 1503's omnibus clause, which prohibits endeavors to influence, obstruct or impede the due administration of justice, requires the government to prove a nexus between the defendant's obstructive endeavors and a specific judicial proceeding. 515 U.S. 593 (1995). In *Arthur Andersen LLP v. United States*, the Supreme Court extended *Aguilar*'s nexus requirement to 18 U.S.C. § 1512(b)(2)(A) and (B), which criminalizes corruptly persuading another to withhold documents from an official proceeding. *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

As the government notes, a number of courts have rejected arguments analogous to Lawson's, and held that the nexus requirement established in *Aguilar* and *Arthur Andersen* is one of proof and not of pleading. *See, e.g.*, *United States v. Pirk*, 267 F. Supp. 3d 392, 398 (W.D.N.Y. 2017); *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009). For example, in *United States v. Ring*, the District Court for the District of Columbia rejected the defendant's argument that the indictment, charging him with corruptly obstructing an official proceeding in violation of 18 U.S.C. § 1512(c), was insufficient for failing to plead a nexus between his obstructive conduct and an official proceeding. The district court tersely rejected this claim, reasoning that the defendant had conflated proof with pleading, and neither *Aguilar* nor *Arthur Andersen* concerned the sufficiency of an indictment.

Neither the government nor the authorities it relies upon confront the well-established caselaw holding that an indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The elements of the offense are those "constituent parts of a crime ... that the prosecution must prove to sustain a conviction." *S. Union Co. v. United States*, 567 U.S. 343, 361 (2012) (internal quotation marks omitted) (quoting Black's Law Dictionary 597 (9th ed. 2009). Under Ninth Circuit law, an indictment's "[f]ailure to allege an essential element of the offense is a fatal flaw not subject to mere harmless error analysis" on appeal. *United States v. Resendiz-Ponce*, 425 F.3d 729, 732 (9th Cir. 2005), *rev'd and remanded on other grounds*, 549 U.S. 102, 127 (2007); *see also United States v. Awad*, 551 F.3d 930, 937 (9th Cir. 2009).

Under *Marinello*, it is now clear that the essential elements of endeavoring to obstruct the IRS include: (1) a pending, or reasonably foreseeable, targeted administrative proceeding, such as an audit; and (2) a nexus between the defendant's obstructive endeavors and the proceeding. 138 S. Ct. at 1110. As explained in Section III(A), *supra*, count five fails to plead these two elements with respect to the obstructive acts alleged in paragraphs A-G. Accordingly, count five must be dismissed unless the government elects to strike paragraphs A-G from the indictment. *See United States v. Ogbazion*, No. 3:15-CR-104, 2016 WL 6070365, at *19 (S.D. Ohio Oct. 17, 2016), *appeal dismissed*, No. 16-4298, 2017 WL 5574000 (6th Cir. Feb. 6, 2017) (applying pre-*Marinello*, Sixth Circuit caselaw and dismissing a 26 U.S.C. § 7212(a) charge that failed to allege that the defendant was aware of an ongoing IRS proceeding).

### C. The *Mens Rea* of § 7212(a) Requires Proof that the Defendant Acted with an Intent to Secure an Unlawful Benefit for Himself or Another

Finally, Lawson argues that count five should be dismissed because the indictment fails to allege that he committed the obstructive acts with the intent to obstruct a specific IRS proceeding. (Doc. 208 at 1, 3). This claim is without merit.

Prior to *Marinello*, the Ninth Circuit held that the elements of corruptly endeavoring to obstruct the due administration of the internal revenue code are: "(1) corruption … and (2) an attempt to obstruct the administration of the IRS."[5] *United*

---

[5] The First, Second, Fourth and Tenth Circuits concurred with the Ninth Circuit's conclusion that § 7212(a) requires proof of these two elements while addressing sufficiency of the evidence challenges. *United States v. Sorensen*, 801 F.3d 1217, 1229 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1163, 194 L. Ed. 2d 176 (2016) *United States v. Marek*, 548 F.3d 147, 150 (1st Cir. 2008) ("[T]he plain language of the statute supports an interpretation requiring proof that the defendant 1) corruptly, 2) endeavored, 3) to obstruct or impede the due administration of the Internal Revenue laws."); *United States v. Kelly*, 147 F.3d 172, 176 (2d Cir. 1998); *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

*States v. Hanson*, 2 F.3d 942, 946 (9th Cir. 1993); *see also United States v. Dain,* 258 F. App'x 90, 93 (9th Cir. 2007); *United States v. Workinger*, 90 F.3d 1409, 1412 (9th Cir. 1996). The Ninth Circuit in turn defined "corruptly" under § 7212(a) as "performed with the intention to secure an unlawful benefit for oneself or for another." *Hanson*, 2 F.3d at 946-47; *see also United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005). Thus, it is clear that, at least prior to *Marinello*, that the *mens rea* of § 7212(a) only required proof that the defendant acted with an intent to secure an unlawful benefit, as opposed to an intent to obstruct an IRS investigation or proceeding.

Nothing in *Marinello* suggests that the *mens rea* of § 7212(a) has changed. Summarizing its prior decision in *Aguilar*, the *Marinello* court stated:

> In interpreting that statute, we pointed to earlier cases in which courts had held that the Government must prove "an intent to influence judicial or grand jury proceedings." *Aguilar*, *supra*, at 599, 115 S.Ct. 2357 (citing *United States v. Brown*, 688 F.2d 596, 598 (C.A.9 1982)). We noted that some courts had imposed a "'**nexus' requirement**": that the defendant's "act must have a relationship in time, causation, or logic with the judicial proceedings." *Aguilar*, *supra*, at 599, 115 S.Ct. 2357 (*citing United States v. Wood*, 6 F.3d 692, 696 (C.A.10 1993), and *United States v. Walasek*, 527 F.2d 676, 679, and n. 12 (C.A.3 1975)). **And we adopted the same requirement**.

*Marinello v. United States*, 138 S. Ct. 1101, 1106 (2018) (emphasis added).

That is, the *Aguilar* court considered the possibility of requiring the government to prove that the defendant intended to obstruct a grand jury proceeding, but instead elected to join those courts holding that obstruction of justice requires proof of a "nexus" between the defendant's obstructive acts and a judicial proceeding.

As the Supreme Court clearly stated in the conclusion of *Marinello*, 26 U.S.C. § 7212(a) requires the government to prove a nexus between the defendant's acts and an

IRS proceeding that was either pending or reasonably foreseeable at the time of the obstructive acts. *See Marinello*, 138 S. Ct. at 1109-1110. As construed in *Marinello*, § 7212(a) does not require explicit proof that the defendant intended to obstruct an IRS proceeding.

## IV. RESPONSE TO OBJECTIONS

After this Court issued the Initial Report and Recommendation, the government filed a notice that it would not strike paragraphs A-G from the first superseding indictment. (Doc. 240). The parties then filed cross objections to the Initial Report and Recommendation. (Docs. 249; 250). The government also filed a second superseding indictment containing a revised Count 5. (Doc. 252).

Lawson's motion to dismiss count five of the first superseding indictment has been rendered moot by the grand jury's issuance of a second superseding indictment, which substantially modifies the language of count five. (Doc. 252). Accordingly, the District Court has no need to rule on the merits of Lawson's motion and the parties' objections, and should deny Lawson's motion for reconsideration as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the District Court DENY Defendant's Motion for Reconsideration of Order on Defendant's Motion to Dismiss Count Five for Failure to State a Criminal Offense as moot. (Doc. 208).

DATED this 5th day of July, 2018.

/s/ Deborah M. Smith
CHIEF U.S MAGISTRATE JUDGE