IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LAWRENCE J. LAWSON, JR.,<br><br>        Defendant. | Case No. 3:16-cr-00121-TMB-DMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO STRIKE REVISED EXPERT NOTICE AND PRECLUDE EXPERT TESTIMONY BY IRS REVENUE AGENT SANDY BYRD [DOC. 111]** |

## I.    MOTION PRESENTED

Dr. Lawrence J. Lawson, Jr. (Lawson), has been indicted on four counts of willful tax evasion in violation of 26 U.S.C. § 7201, and one count of corruptly obstructing the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc. 7).

This Court set a deadline of September 1, 2017, for the government to file a notice that it intends to call an expert witness in its case-in-chief pursuant to Federal Rules of Evidence 702, 703 and 705. (Doc. 38 at 3).

On September 1, the government filed its Notice of Expert Witness and Expert Report. (Doc. 86). The government stated that it intended to call Revenue Agent Zeznock at trial as an expert witness, who will testify to: (1) the tax consequences of the government's evidence; (2) tax concepts; and (3) accounting concepts. (*Id*. at 3). Citing to *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980), the government asserted that it is permissible for an IRS agent to give expert testimony regarding the tax

*United States v. Lawson*
3:16-cr-00121-TMB-DMS
F R&R re Motion to Strike Revised Expert Notice
(Doc. 111)    Page 1 of 8

consequences of a financial transaction. (*Id.*).

In the notice, the government attached Agent Zeznock's curriculum vitae, and a summary of his calculations and conclusions regarding the amount of taxes the government alleges Lawson owed for years 2009-2012. (Docs. 86-1; 86-2; 86-3).

On October 16, 2017, Lawson moved to preclude Agent Zeznock's testimony, arguing that the government's notice of expert was inadequate to apprise the defense of the basis of Zeznock's calculations and conclusions. (Doc. 100 at 4). Later that day, the government filed a Revised Expert Notice, stating that it no longer intended to call Agent Zeznock as an expert, but that it would instead call Revenue Agent Byrd as its tax expert. (Doc. 105).

The government explained that its substitution of experts was in response to Chief U.S. District Judge Burgess' expressed preference that the parties refrain from calling hybrid witnesses offering both factual and expert testimony. (*Id.* at 2). The revised notice includes Byrd's curriculum vitae and states that RA Byrd has not yet reviewed the "draft tax computations previously provided to" Lawson. (*Id.*) It further states that the government reserves the right to modify these computations, and will provide the defendant notice of any changes to the calculations "within seven days of any anticipated change in the government's case-in-chief." (*Id.* at 2-3).

Lawson now moves to strike the government's revised notice as untimely, arguing that the Court should reject the revised notice unless the government can show good cause for filing the revised notice after the government's deadline for filing expert notices. (Doc. 111 at 5-6). He further argues that the revised notice is inadequate under Federal Rule of Criminal Procedure 16. (Doc. 111 at 6-7).

The government opposes, countering that it changed its choice of expert to accommodate the District Court's preference, and that the defendant has not been prejudiced as notice was given well in advance of trial. (Doc. 116 at 2). The government further argues that its revised expert notice is not deficient, because the calculations attached to its original expert notice are sufficient.

The motion is now ripe for resolution.

## II. ANALYSIS

### A. The Government Has Demonstrated Good Cause for Filing Its Revised Notice After Its Deadline for Filing Expert Notices Passed

In the Order Regarding Discovery Plan and Pretrial Motion Schedule, this Court set a deadline of September 1, 2017, for the government to file any expert notices. (Doc. 38 at 3). At the conclusion of the discovery order, the Court noticed that if any party failed to comply with the discovery plan, the Court may "prohibit the offending party from introducing the undisclosed evidence at trial; or enter any other order that is just under the circumstances." (*Id*. at 5).

Pursuant to Federal Rule of Criminal Procedure 12(c), the Court is authorized to extend any pre-trial deadline and consider late filings if the party shows good cause. The government's initial expert notice was filed timely. (Doc. 86). Considering that the government's revised notice was filed to satisfy the District Court's preference of avoiding hybrid experts, this Court concludes that the government has established good cause for filing its revised notice after its deadline initially passed. Moreover, since Revenue Agent Byrd will apparently review and testify regarding the calculations and opinions reached first by Agent Zeznock, (Doc. 105), it does not appear that the defense is prejudiced in

anyway by the late filing. Accordingly, this Court recommends that the District Court deny Lawson's motion to strike the revised expert notice at Docket 105.

### B. The Government Must File an Expert Notice Complying with Rule 16(a)(1)(G)

Lawson also argues that Revenue Agent Byrd should be precluded from testifying because the government's revised expert notice contains no information regarding the substance and bases of Byrd's opinions.

In its revised expert notice, the government presents Agent Byrd's c.v. and states:

> RA Byrd will need time to review the draft tax computations previously provided to defendant. The government also reserves the right to modify the tax computations as trial preparation continues. If there are any changes to the computations, they will be provided to defendant within seven days of any anticipated change in the government's case-in-chief.

(Docs. 105; 105-1).

Federal Rule of Criminal Procedure 16 provides that "the government **must** [upon request] give to the defendant a written summary" of any expert testimony the government intends to present at trial in its case-in-chief. Fed. R. Cr. P. 16(a)(1)(G). "The summary provided … must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*.

"If the government fails to comply with this rule, the district court may order disclosure, grant a continuance, prohibit the government from offering the evidence at trial, or grant whatever relief the district court deems just under the circumstances." *United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir. 2001). However, the District Court "should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983).

At this juncture the government has plainly failed to satisfy the requirements of Rule 16(b)(1)(c). The government argues that the calculations performed by Agent Zeznock attached to its original notice of expert at Docket 86 provides sufficient notice. (Doc. 116 at 2). However, the Expert Report filed at Dockets 86-2 and 86-3 only contain tables of calculations prepared by Agent Zeznock, while the Notice itself only states that Zeznock will testify to tax and accounting concepts, the probable income tax consequences of various transactions and "offer a computation of additional taxes owed for each year based solely upon evidence admitted at trial." (Doc. 86 at 3-4). Thus, the notice, as revised, does give a summary of Agent Byrd's qualifications, and, at least some, of the opinion reached by Zeznock. However, the government has still not provided Agent Byrd's opinion after review of Zeznock's work, and has never explained the "bases and reasons for those opinions" as required by Criminal Rule 16(a)(1)(G).

"As the Advisory Committee Note expressly states, Rule 16(b)(1)(C) is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Peel*, No. 2:14-CR-00192-GEB, 2014 WL 5473141, at *2 (E.D. Cal. Oct. 23, 2014) (quoting Fed.R.Crim.P. 16 1993 amend. advisory committee's note) (internal quotation marks omitted).

To effectuate the goals of Rule 16, the Court recommends that the District Court compel the government to provide a third, revised expert notice conforming to the requirements of Rule 16(b)(1)(G) as soon as possible. The notice must include an expert report prepared by Agent Byrd, containing a summary of Byrd's opinions and the bases

of the opinions. At this juncture, the harsh sanction of exclusion is unwarranted, as there is no evidence that the defense has been actually prejudiced by the government's failure to provide timely notice. *Gee*, 695 F.2d at 1169.

### III. RESPONSE TO OBJECTIONS

After this Court issued the Initial Report and Recommendation, (Doc. 216), the parties filed cross-objections. (Docs. 229; 230). The parties did not reply to their opponent's objections.

**A. The Government's Objection**

The government objects to this Court's conclusion that the government should be ordered to file a summary of Agent Byrd's opinion conforming to the requirements of Criminal Rule 16(a)(1)(G). The government argues that the expert notice it disclosed to Lawson on March 16, 2018, (Doc. 229-1), along with all discovery given to date, constitutes adequate notice under Rule 16. (Docs. 229; 229-1).

The government's objection is well-taken. Rule 16 requires the government, at a defendant's request, to produce a written summary of any expert opinion testimony it intends to offer in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G). The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*.

The government provided the defense with Agent Byrd's qualifications, when it filed her curriculum vitae at Docket 105. The government's March 16 expert notice consists of Byrd's calculations of the amount of taxes Lawson allegedly owes, as well as the amounts of charitable contributions Lawson is alleged to have unlawfully deducted. (Doc. 229-1). This notice, when read alongside the voluminous discovery the government

has provided to date, satisfies Criminal Rule 16's requirement that the government provide the defense with a summary of the witness' opinions and the bases for those opinions.

With that said, the Court is troubled that the government waited until March 16, 2018—approximately five months after the defense filed the instant motion—to provide the defense with a summary of Byrd's expert opinion.

### B. The Defendant's Objection

In his objection, Lawson does not object to this Court's conclusion that the government has established good cause for its failure to file a timely expert report for Agent Byrd, and that the defense's request to preclude Byrd's testimony should be denied. (Doc. 230). Lawson does however request that this Court supplement the Initial Report to include a recommendation that the District Court order the government to include specific citations to the evidence Byrd relied on in reaching her opinions. (*Id.* at 2).

This objection is without merit. As stated in Section III(A), *supra*, the government's March 16 disclosure, alongside the evidence previously discovered, is adequate to place the defense on notice of the substance and bases of Byrd's proposed expert testimony. Because it does not appear that the defense will suffer prejudice in the absence of specific citations to the documents Byrd relied on in forming her opinion, this Court recommends that the District Court deny Lawson's request.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the District Court DENY Lawson's Motion to Strike Revised Expert Notice and Preclude Expert Testimony by IRS

Revenue Agent Sandy Byrd. (Doc. 111).

The Court further recommends that the District Court DENY Lawson's motion to order the government to supplement its March 16, 2018 expert notice with specific citations to the evidence Agent Byrd relied in forming her opinion. (Doc. 229-1).

IT IS SO ORDERED this <u>5th</u> Day of July, 2018.

<u>          /s/ Deborah M. Smith          </u>
CHIEF U.S MAGISTRATE JUDGE