BRYAN SCHRODER
United States Attorney
RETTA-RAE RANDALL
Assistant U.S. Attorney

LORI A. HENDRICKSON
TIMOTHY M. RUSSO
Trial Attorneys, U.S. Department of Justice, Tax Division

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: RettaRae.Randall@usdoj.gov
Email: Lori.A.Hendrickson@usdoj.gov
Email: Timothy.M.Russo@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE J. LAWSON, JR.,<br><br>Defendant. | No. 3:16-cr-00121-TMB-DMS<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT FIVE OF THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO STATE A CRIMINAL OFFENSE** |

COMES NOW the United States of America, by and through undersigned counsel, and hereby files its opposition to defendant Lawrence J. Lawson, Jr.'s Motion to Dismiss Count Five of the Second Superseding Indictment for Failure to State a Criminal Offense.

## BACKGROUND

On June 19, 2018, a grand jury returned a Second Superseding Indictment, charging Lawson with five crimes. Doc. 252. Counts One, Two, Three and Four charged defendant with evasion of individual income taxes, in violation of Title 26, United States Code, Section 7201, for the calendar years 2009, 2010, 2011, and 2012, respectively. Those counts are identical to the crimes charged in Counts One through Four in the Superseding Indictment. *See* Doc. 7. Count Five charged defendant with obstructing the due administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a). While that charge is also included in the Superseding Indictment, the United States amended the charging language in the Second Superseding Indictment in response to the Supreme Court's decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018). Count Five of the Second Superseding Indictment alleges:

15. The Grand Jury repeats and alleges each of the General Allegations contained in paragraphs 1 to 6 above.

16. In or about March 2011, the IRS began collection proceedings regarding defendant's 2009 individual income taxes, which defendant was advised of in a letter from the IRS dated March 8, 2011.

17. In or about January 2012, the IRS began an audit of the 2010 Form 1120S of defendant's business Little Wing, Inc., which defendant was advised of in a letter from the IRS dated January 26, 2012.

18. In or about July 2012, the IRS began an audit of the defendant's 2009 and 2010 Forms 1040, which defendant was advised of in a letter from the IRS dated July 12, 2012.

19. From on or about March 8, 2011 through at least October 19, 2013, within the District of Alaska and elsewhere, the defendant, LAWRENCE J. LAWSON, JR., a resident of Alaska, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, to wit, the IRS

collection proceedings and audits described in paragraphs 16 through 18, by committing and causing to be committed various acts, including but not limited to the following:

    A. Paying for personal expenses using funds drawn on Key Bank account x1222 in the name of Midnight Sun after March 2011;

    B. Filing false 2010, 2011 and 2012 Forms 1040 after March 2011;

    C. Filing false 2010 and 2012 Forms 1120S in the name of Midnight Sun in September 2011 and September 2013, respectively;

    D. Filing false 2010 and 2011 Forms 990 PF in September 2011 and August 2012, respectively, in the name of nominee FTV, which was used primarily to acquire and maintain LAWSON's own personal collection of fossils, dinosaurs, maps, rare books, rare manuscripts, and related material;

    E. Using nominee entity Little Wing, Inc., an Alaska corporation, to conceal individual income after March 2011;

    F. On or about August 17, 2012, during an audit of his 2009 and 2010 Forms 1040, by making a false statement to an IRS agent when he said that he did not receive any items or property in return for money paid to Entity #1.

All of which is in violation of Title 26, United States Code, Section 7212(a).

Doc. 252 at 6-8.

## **STANDARD OF REVIEW**

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, [a court is] bound by the four corners of the indictment." *United States v. Kyle*, 742 F.3d 434, 436 (9th Cir. 2014), citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id*.

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). According to Fed. R. Crim. P. 7(c)(1), "[t]he indictment . . . must be a concise, and definite written statement of the essential facts constituting the offense charged . . . ." *See also United States v. Buckley*, 689 F.2d 893, 897 (9th Cir.1982). However, error in the citation of a statute or its omission shall not be grounds for dismissal of the indictment or reversal of the conviction if the error did not mislead the defendant to his prejudice. Fed. R. Crim. P. 7(c)(2).

## ARGUMENT

1. <u>Lawson's argument ignores clear language alleging a nexus between his conduct and IRS proceedings of which he was aware</u>

Lawson's argument fails because it ignores clear language alleging a nexus between his corrupt conduct and three IRS proceedings and it also conflates pleading with proof. Lawson first argues that Count Five of the Second Superseding Indictment should be dismissed because "it has not alleged any *nexus* between Dr. Lawson's acts and those targeted proceedings" of the IRS. Def.'s Mot. at 9 (emphasis in original). Lawson plainly ignores the clear language in the Second Superseding Indictment which does just that.

First, Paragraphs 16, 17 and 18 of the Second Superseding Indictment list when the IRS began particular proceedings, as well as the date that the IRS advised Lawson of those proceedings:

16. In or about March 2011, the IRS began collection proceedings regarding defendant's 2009 individual income taxes, which defendant was advised of in a letter from the IRS dated March 8, 2011.

17. In or about January 2012, the IRS began an audit of the 2010 Form 1120S of defendant's business Little Wing, Inc., which defendant was advised of in a letter from the IRS dated January 26, 2012.

18. In or about July 2012, the IRS began an audit of the defendant's 2009 and 2010 Forms 1040, which defendant was advised of in a letter from the IRS dated July 12, 2012.

Doc. 252 at 6.

Second, the Second Superseding Indictment states that Lawson "corruptly endeavored to obstruct and impede the due administration of the internal revenue laws, *to wit, the IRS collection proceedings and audits described in paragraphs 16 through 18*, by committing and causing to be committed various acts, including but not limited to the following . . . ." *Id*. at 7, ¶19 (emphasis added). As such, Paragraph 19 clearly alleges that corrupt acts by Lawson were targeted to the three IRS proceedings previously noted. Lawson's argument fails to address the inclusion of this language.

Finally, the Second Superseding Indictment lists the corrupt acts alleged to have been committed by Lawson "to obstruct and impede the due administration of the internal revenue laws" associated with the collection and audit proceedings. *See id*. Lawson argues that these allegations are insufficient, because they merely allege a "relationship in time" or a "mere coincidence in time" between the collection and audit proceedings and the alleged corrupt endeavors. Def.'s Mot. at 9-10. While it is true that the Second Superseding Indictment alleges that each corrupt endeavor occurred *after* the first IRS collection proceeding began in March 2011, Lawson again ignores the allegation that he committed

the alleged corrupt acts with the intent of obstructing "the IRS collection proceedings and audits described in paragraphs 16 through 18."[1]

On this point, Lawson also conflates proof with pleading. He repeatedly asserts that the Second Superseding Indictment does not allege a "relationship in either 'causation or logic' with any of the alleged 'proceedings.'" Def.'s Mot. at 10, 11. While those assertions are false, in analogous cases within the Ninth Circuit, courts have held that proof of a nexus between obstructive conduct and a government proceeding is a question for the jury, rather than a pleading requirement. *See United States v. Meza*, 15-cr-3175, 2017 WL 1371102, at *4-5 (S.D. Cal. Apr. 7, 2017); *United States v. Brimager*, 13-cr-02381, 2014 WL 1515867, at *4-5 (S.D. Cal. Apr. 17, 2014).

The Second Superseding Indictment contains allegations supporting the elements of the offense charged and fairly informs Lawson of the charges against which he must defend. At trial, the government will prove that the corrupt endeavors alleged were committed by Lawson to hide income or assets from the IRS as it attempted to collect his unpaid taxes and conduct audits of his personal and entity tax returns.

2. Lawson's void for vagueness argument is still without merit

Lawson's "void for vagueness" argument fails, once again, because it completely disregards the intent element (that Lawson "did corruptly endeavor") alleged in Count

---

[1] In support of this argument, Lawson also cites to the facts in *Marinello* itself, suggesting that "all of [Marinello's] conduct occurred contemporaneously with the government's investigation of him" and noting that the charged conduct in that case occurred from 2005 through 2009, while the IRS investigation of Marinello occurred between 2004 and 2009. Def.'s Mot. at 10. In making this argument, Lawson overlooks the fact that the government acknowledged in its brief that Marinello "had no knowledge of" the IRS proceeding in that case. *See* No. 16-1144, Br. for the United States, 2017 WL 4805227, at *2. Here, the government alleges that Lawson knew of the three proceedings at issue as of a particular date.

Five. Lawson asserts that Section 7212(a) cannot "punish a taxpayer for engaging in the type of routine conduct alleged in Paragraph 19" of the Second Superseding Indictment. Def's Mot. at 11. He claims that those allegations – using his business bank account to pay for personal expenses, filing false personal, corporate and foundation tax returns, using a nominee entity to conceal individual income, and lying to an IRS agent during an audit – are "mundane and routine acts engaged in by millions of taxpayers across the United States annually." *Id*.

These arguments are no different than those that he made in his first Motion to Dismiss Count Five (Doc. 55 at 10-12) and repeated again in his Supplemental Brief Re Motion to Dismiss Count Five (Doc. 68 at 6-9). The Court has rejected them previously and they fare no better here. *See* Doc. 198 at 14-16 (Final Report and Recommendation adopted by the District Court at Doc. 199). As the Court held, "[t]here is nothing about § 7212(a)'s language that is vague on its face." *Id*. at 14. The Court further explained that "any concerns about the breadth or clarity of § 7212(a) are cured by the statute's scienter requirement," noting that the statute "requires the government to prove that the defendant **corruptly** endeavored to obstruct the administration of the tax code." *Id*. at 15-16 (emphasis in original).

## CONCLUSION

For the foregoing reasons, Lawson's Motion to Dismiss Count Five of the Second Superseding Indictment for Failure to State a Criminal Offense should be denied.

RESPECTFULLY SUBMITTED this 13th day of July, 2018, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Timothy M. Russo
TIMOTHY M. RUSSO
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2018 a
true and correct copy of the foregoing was
served electronically on the following:

Counsel of Record

s/ Timothy M. Russo
Trial Attorney
U.S. Department of Justice